# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE CATER and CHERYL CATER, Plaintiffs, <br><br> v. <br><br> STARBUCKS CORPORATION, et al., Defendants. | Civil Action No. 07-2660 |

**MEMORANDUM**

August 10, 2010                                                                                             Pollak, J.

Plaintiffs George Cater and Cheryl Cater filed suit in the Court of Common Pleas of Philadelphia County, alleging negligence and loss of consortium arising from a fall on the allegedly icy Starbucks parking lot (docket no. 1). The defendants were Starbucks and Paul Mastropieri, the owner of the parking lot, who leased to Starbucks the building in which Starbucks was located and which was adjacent to the parking lot (docket no. 1).

On grounds of diversity defendants removed the suit to this court (docket no. 1). In its answer, Starbucks brought a cross-claim for indemnification and breach of contract against Mastropieri (docket no. 3). Starbucks then joined as third-party defendants the Beer Yard, which shared the parking lot with Starbucks, and Anthony Marchesani, who plowed the parking lot (docket nos. 9 & 10). Marchesani then brought a claim for

1

indemnification against Mastropieri (docket no. 20). The Caters, in an amended complaint (docket no. 30), then brought claims against the third-party defendants, Marchesani and the Beer Yard.

Several motions for summary judgment have been filed, including: Starbucks' motion for summary judgment against the Caters, based on an open, obvious, and known condition/assumption of risk (docket no. 89); Starbucks' motion for summary judgment against the Caters and Mastropieri, based on a lack of duty and for indemnification (docket no. 90); Mastropieri's motion for summary judgment on all claims against him (docket no. 88), Beer Yard's motion for summary judgment on all claims against it (docket no. 86); and Marchesani's motion for summary judgment on all claims against him (docket no. 87).

This memorandum and accompanying order address the motion for summary judgment against the Caters and Starbucks (docket no. 86) filed by the third-party defendant 218 MJG, Inc., which does business as the Beer Year (hereinafter, Beer Yard). Plaintiffs (docket no. 98) and defendant Starbucks (docket no. 100) have responded and the Beer Yard has replied (docket no. 103).

I. **Facts**

Cheryl Cater alleges that she fell in the parking lot located at 218 East Lancaster Avenue, Wayne, Pennsylvania. The property consists of a circular building leased to Starbucks and a rectangular building leased to the Beer Yard, a retail store and beverage

distributor. The property includes a common parking lot and driveway between the two buildings, portions of which the Beer Yard admits its customers use. 218 MJG, Inc.'s Mot. for. Summ. J., at 7. In an addendum to the lease between the Beer Yard and Mastropieri, the owner of the property, the Beer Yard agreed to "cooperat[e] with the front tenant in keeping the driveway and parking lot clean and clear of ice and snow." 218 MJG's Exh. E, at ¶ 6.

On February 15, 2006, Cheryl Cater and her husband, George, drove to the Starbucks at 218 East Lancaster Avenue. 218 MJG's Exh. C, at 64-65 (Depo. of Cheryl Cater). The night before there was "an icy rain." *Id.* at 77. Cheryl Cater described the ice as "all across the entire parking lot" and "continuous throughout the entire yard or lot." *Id.* at 77, 80. The Caters observed a woman, Libby Schwartz, lying in the middle of the parking lot. *Id.* at 56. The Caters stopped their car and George carried Schwartz to the back door of the Starbucks. *Id.* at 74.

As she got out of her car, Cheryl Cater was concerned about her ability to walk across the parking lot due to the ice. *Id.* at 81. Cheryl Cater went inside the Starbucks to where Schwartz and George Cater were located. *Id.* at 82. Cheryl Cater stayed with Schwartz until an EMT arrived. *Id.* at 83-84. At that point Schwartz asked Cheryl Cater to retrieve Schwartz's purse from her car, because it contained her medical information. *Id.* at 86-87. To reach Schwartz's car, Cheryl Cater had to again cross the parking lot where any path she chose to take would be icy. *Id.* at 87-89. In trying to reach

Schwartz's car, Cheryl Cater slipped and fell in the area where Schwartz's car was located. *Id.* at 92-93.

These events occurred at approximately 9:00 a.m. *Id.* at 61. According to Matthew Guyer, the sole proprietor of the Beer Yard, the Beer Yard did not open until 10:00 a.m. that day. 218 MJG's Exh. D, at 10 (Depo. of Matthey Guyer). Guyer also stated at this deposition that, prior to the autumn of 2005, both Starbucks and the Beer Yard would contact the person doing the snow removal, Joseph Nudy, when needed. *Id.* at 29. However, in 2005, once defendant Anthony Marchesani begun to plow the parking lot, only Starbucks and not the Beer Yard would contact him. *Id.* Guyer was aware that the parking lot had a drainage problem that would result in run-off forming puddles and then freezing. *Id.* at 35-37.

An employee of the Beer Yard, Mark Sauerbrey, stated that he had observed ice in the parking lot. Starbucks Exh. B-1, at 30 (Depo. of Mark Sauerbrey). If there was ice, he would either salt it or inform Starbucks. *Id.* This included the area where Mrs. Cater fell. *Id.* at 34. He also indicated that Guyer had done the same. *Id.* at 38. Saurbrey stated that there was an area where water would regularly pool and freeze that he would salt as needed. *Id.* at 45-46, 51. He also indicated that he began salting the parking lot after seeing Mrs. Cater cross the icy lot on the day of the incident but its unclear from the deposition transcript whether this was before or after she fell. *Id.* at 52.

## II. Analysis

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *IFC Interconsult, AG v. Safeguard Int'l Partners, L.L.C.*, 438 F.3d 298, 317 (3d Cir. 2006). Facts are material if they "bear on an essential element of the plaintiff's claim." *Fakete v. Aetna, Inc.*, 308 F.3d 335, 337 (3d Cir. 2002) (quoting *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999)). Further, there is a genuine issue of material fact if "a reasonable jury could find in favor of the nonmoving party." *Id.*

A party seeking summary judgment carries the initial burden of informing the court of the basis for its motion and identifying the portions of the record that show that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In this instance, the non-moving party would bear the burden of proof at trial. Consequently, the moving party must show that the non-moving party cannot support her case with the evidence in the record. *Celotex*, 477 U.S. at 325. To rebut, the non-moving party must identify facts that create a genuine issue of dispute for trial. Fed. R. Civ. P. 56(e); *Hampton v. Borough of Tinton Falls Police Dept.*, 98 F.3d 107, 112 (3d Cir. 1996). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the

non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The Beer Yard argues that, as the plaintiffs were in the parking lot for the purpose of going to the Starbucks, and the Beer Yard was not open at the time, plaintiffs have the status of a licensee, and not an invitee, when determining to what extent the Beer Yard owed them a duty. It also argues that the addendum to its lease absolves it from any primary responsibilities with regard to keeping the parking lot free of snow and ice.

    **A.**    **The Beer Yard may have Voluntarily Assumed Duties to Keep the Parking Lot Free of Ice and Snow**

The Beer Yard argues that it owes the Caters, not the duty owed to an invitee, but the lesser duty owed to a licensee. "A business invitee is a person who is invited to enter or remain on the land of another for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Emge v. Hagosky*, 712 A.2d 315, 317 (Pa. Super. Ct. 1998) (citations omitted). "The duty owed to a business invitee is the highest duty owed to any entrant upon land." *Id.* (citation omitted).

The duty owed to a licensee would be less than that owed to an invitee. For licensees, the Pennsylvania courts have adopted Restatement (Second) of Torts § 343, which states:

> Regarding conditions on the land which are either known to or discoverable by the possessor, the possessor is subject to liability only if he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to

protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.

*Cochrane v. Kopko*, 975 A.2d 1203, 1206 (Pa. Cmwlth. Ct. 2009) (quoting Restatement (Second) of Torts § 343 (1965)).

I need not decide the invitee/licensee status of the Caters with regard to the Beer Yard. Pennsylvania has adopted § 323 of the Restatement (Second) of Torts which finds:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
> (a) his failure to exercise such care increases the risk of such harm, or
> (b) the harm is suffered because of the other's reliance upon the undertaking.

*DeJesus v. Liberty Mut. Ins. Co.*, 223 A.2d 849, 850 (Pa. 1966) (quoting Restatement (Second) Torts § 323 (1965)). A party can gratuitously assume a duty, even if a general common-law rule would have found there to be no duty. *See Feld v. Merriam*, 485 A.2d 742, 746 (Pa. 1984) ("[A]lthough there is a general rule against holding a person liable for the criminal conduct of another . . . there is also an exception to that rule, i.e., where a party assumes a duty, whether gratuitously or for consideration, and so negligently performs that duty that another suffers damage.").

A genuine issue of material facts exists as to whether the Beer Yard assumed a duty to keep the parking lot free of ice and snow. The deposition of Mark Sauerbrey, an employee of the Beer Yard, indicates that he and Guyer, the proprietor of the Beer Yard, would regularly salt icy areas of the parking lot. In addition, Sauerbrey testified that he would inform Starbucks if the parking lot needed to be cleared of ice or snow. The Beer

7

Yard may have assumed a duty to salt the parking lot or inform Starbucks of issues in the lot by regularly doing so as Sauerbrey testified. The failure to continue to do so in a reasonable manner could have increased the risk to Cheryl Cater. Such facts, if true, could be construed by a reasonable jury to constitute an assumption of a duty by the Beer Yard to keep the parking lot clear of ice and snow.

> **B.** **The Beer Yard's Lease does Not Absolve it of Responsibility for Snow and Ice Removal**

The Beer Yard also argues that it cannot be held liable because a provision in the lease addendum absolves it of any duty to remove snow and ice. The provision states that Beer Yard must pay 25% of all parking lot maintenance "in addition to cooperating with the front tenant in keeping the driveway and parking lot clean and clear of ice and snow." 218 MJG's Exh. E, at ¶ 6.

"The fundamental rule in interpreting a contract is to ascertain and give effect to the intent of the contracting parties." *Crawford Cent. Sch. Dist. v. Commonwealth*, 888 A.2d 616, 623 (Pa. 2005) (citations omitted). "When contractual language is clear and unequivocal, its meaning must be determined by its contents alone." *Id*.

I find the Beer Yard's interpretation of the lease unpersuasive. The promise to cooperate with other tenants, is, if anything, an assumption of the duty to keep the parking lot clear of ice and snow, not an indemnification for the failure to do so. Merriam-Webster's Dictionary defines cooperate as meaning " to act or work with another or others: act together or in compliance" or "to associate with another or others for mutual

benefit."[1]  The promise to cooperate with another tenant is best interpreted as creating a shared duty and not absolving the Beer Yard of responsibility.

## III.     Conclusion

For the foregoing reasons, I will deny the Beer Yards' motion for summary judgment against the Caters and against Starbucks.  An appropriate order accompanies this memorandum.

---

[1] *See* Merriam-Webster's Online Dictionary, http://www.merriam-webster.com/ (last visited June 21, 2010).